IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff, | :   Case No. 2:14-CR-126-3 |
| | : |
| v. | :   JUDGE ALGENON L. MARBLEY |
| | : |
| CHRISTOPHER D. MARTIN, | : |
|     Defendant. | : |

**OPINION & ORDER**

This matter is before the Court on the Motion of Defendant, Christopher D. Martin, to Dismiss for Violating Speedy Trial Rights Under 18 U.S.C. § 3161 (hereinafter "Motion to Dismiss") (Doc. 81). Defendant moves the Court to dismiss the indictment against him because more than 70 days have elapsed since the date of his arraignment on July 8, 2014, in violation of the Speedy Trial Act, 18 U.S.C. § 3161. (Doc. 81 at 1). For the reasons stated herein, Defendant's Motion is **DENIED**.

## I. BACKGROUND

This case arises out of a seven count public corruption and conspiracy indictment related to Arise! Academy ("Arise"), an Ohio Community School (commonly known as a charter school). Arise operated in Dayton, Ohio from at least 2008 to 2010 with funds provided through the State of Ohio. (*Indictment*, Doc. 1 at ¶ 1). On June 23, 2014, the United States filed an indictment against four Defendants: (1) Shane K. Floyd, allegedly the first Arise Superintendent and the school's Chief Executive Officer from July 1, 2008 – January 2010; (2) Carl L. Robinson, allegedly a business owner who contracted with Arise to provide educational consulting services during the 2008-2009 school year; (3) Christopher D. Martin, allegedly an

1

Arise Board member beginning in August 2008, serving as the Chairperson from July 2009 – January 2010, whose duties included contract approval and management; and (4) Kristal Screven (a.k.a. Kristal Allen), allegedly a Board Chairperson, from March 2009 – July 2009, and allegedly a business owner that contracted with Arise to provide security services for several months in 2009 and 2010. The Government alleges that these parties engaged in a bribe and kickback scheme using funding from the State of Ohio.

Defendant Floyd has been indicted in Count 1 (conspiracy to defraud the U.S.); Count 2 (bribery involving federal programs); and Count 3 (statements or entries generally). Defendant Robinson has been indicted in Count 1 (conspiracy to defraud the U.S.) and Count 3 (bribery involving federal programs). Defendant Martin has been indicted in Count 1 (conspiracy to defraud the U.S.); Count 2 (bribery involving federal programs); and Count 6 (statements or entries generally). Finally, Defendant Screven has been indicted in Count 1 (conspiracy to defraud the U.S.); Count 2 (bribery involving federal programs); Count 5 (statements or entries generally); and Count 7 (intimidation or force against witness).

On June 8, 2014, the Defendants made their first appearances before Magistrate Judge Terence Kemp and were arraigned. (*Minute Entry*, Doc. 32). Each of the Defendants entered a plea of "not guilty" in response to the charges in the indictment. (*Id.*). Upon its filing, this case initially was assigned to The Honorable Judge James L. Graham of the Southern District of Ohio. On July 23, 2014, Judge Graham entered a Scheduling Order, setting motion deadlines and scheduling trial for August 25, 2014. (Doc. 39). Shortly thereafter, on July 30, 2014, Defendants Floyd and Robinson filed a motion requesting a continuance of the August 25, 2014

trial date to allow adequate time for discovery.[1] (*Counsel Entering Appearance and Motion for Continuance*, Doc. 45 (hereinafter "Motion for Continuance")). On August 13, 2014, in the "interests of justice," Judge Graham continued the trial until December 8, 2014. (*Order*, Doc. 55 at 1). "For purposes of judicial economy," Judge Graham continued the trial "as to all defendants joined in the indictment." (*Id.*).

On November 7, 2014, Judge Graham recused himself from the case. The case was reassigned to The Honorable Judge George C. Smith for the Southern District of Ohio on the same day. A few weeks later, on November 25, 2015, Judge Smith also recused himself from the case. That same day, the case then was transferred to The Honorable Judge Algenon L. Marbley. This Court conducted a status conference with the parties on December 10, 2014 to determine whether Defendant Robinson had yet engaged representation[2] and to establish a new scheduling order to govern the case, among other matters.

As a result of the December 10, 2014 status conference, the parties were ordered to file any remaining pre-trial motions by December 17, 2014, including motions to dismiss. (Doc. 80 at 2). The Government was ordered to respond to any such motions within a week. (*Id.*). Following discussion with the parties during the status conference, the Court also set a new trial

---

[1] At the time the motion was filed, Defendants Floyd and Robinson were jointly represented by Attorney Donald R. Murphy ("Murphy"). (*See* Doc. 45). Counsel had been retained by Defendant Robinson only five days prior to the motion and, therefore, requested additional time to conduct discovery on behalf of his newly acquired client. (*Id.*).

[2] As Judge Graham explained,

> Attorney Murphy originally was retained by defendant Floyd. Attorney Andrew Sanderson was appointed to represent defendant Robinson and appeared with him at arraignment. Attorney Murphy later entered his appearance for both defendant Floyd and defendant Robinson, indicating that he had also been retained by defendant Robinson. See Doc. 45. In response to the government's motion, the court scheduled a hearing on October 3, 2014. At the hearing, Mr. Murphy stated that both defendants were willing to waive any conflict of interest. He indicated that both defendants maintained their innocence, and that they intended to reject any plea offers made by the government and to proceed to trial on the indictment. Nonetheless, this court concludes that the potential for conflict presented by this case is so great that disqualification of counsel is warranted.

(*Order*, Doc. 62 at 1).

3

date of February 17, 2015. (*Id.* at 1). This date was deemed to be a reasonable amount of time for Defendant Robinson's newly engaged attorney to review the Government's discovery and otherwise to prepare for trial.

On December 17, 2014, Defendant filed this Motion to Dismiss the indictment against him, claiming that more than 70 days have elapsed since the date of his arraignment on July 8, 2014, in violation of the Speedy Trial Act, 18 U.S.C. § 3161. (Doc. 81 at 1). The United States has responded in opposition to Defendant's Motion to Dismiss. (Doc. 84). This matter is therefore ripe for review.

## II.   LAW AND ANALYSIS

Defendant moves to dismiss his indictment pursuant to 18 U.S.C. § 3161(c) (the "Speedy Trial Act" or the "Act"), which places a 70-day time limitation on the start of a trial following the entry of a "not guilty" plea. Defendant claims 162 days passed between Mr. Martin's arraignment and the date Defendant's Motion to Dismiss was filed, December 17, 2014. (Doc. 81 at 1). Likewise, Defendant calculates that 223 days since arraignment will have passed by the February 17, 2015 trial date. (*Id.*). "Both greatly exceed[] the 70 day Speedy Trial [Act] requirement." (*Id.*).

Defendant argues that the Government cannot meet its burden to show sufficient 'excludable time' under the Speedy Trial Act proving that Defendant's rights have not been violated for two reasons. First, Defendant maintains that "[t]he continuances by the Court failed the requirements of 18 U.S.C. Section 3161(h)(7)," and thus are not 'excludable time' under the Act. (Doc. 81 at 3). Specifically, Defendant claims that no 'ends of justice' finding was made particular to him when the August 13, 2014 Continuance was granted. (*Id.* at 3-4). Similarly, Defendant argues that "the Court set a February 17, 2015 Trial date [during the December 10,

4

2014 status conference] without articulating the reasons necessary under 18 U.S.C. Section 3161(h)(7)" and without specifying "exactly what task was continued for purposes of speedy trial." (*Id.* at 3-4). Second, Defendant argues that the pre-trial motions filed in this case "have little effect on extending the Speeding [sic] Trial deadline" and that "this Motion…should not count toward an excludable period." (*Id.* at 4).

The Government responds that there is sufficient delay that is excludable from the 70-day period in which the trial generally must commence because the Act was tolled by pre-trial motions and a valid continuance. (Doc. 84 at 2-5). The Government argues that the excludable delay of one defendant is ascribed to all co-defendants, including Defendant Martin, because one Speedy Trial Act clock governs for all co-defendants who are joined in a single action. (*Id.* at 5). Additionally, the Government contends that "silence in the face of continuances waives any rights to later make claims of error." (Doc. 84 at 4 (citing *United States v. Sherer*, 770 F.3d 407 (6th Cir. 2014))). Thus, the Government maintains that no Speedy Trial Act violation has occurred.

### A. Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161(c), requires that a defendant be brought to trial within 70 days from the date of the filing of the indictment or arraignment, whichever is later. *United States v. Huebner*, No. 3:12 CR 443, 2013 WL 6199599, at *1 (N.D. Ohio Nov. 27, 2013). The Act provides, however, that certain enumerated pretrial delays are excludable from the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(7); *see also Bloate v. U.S.*, 130 S. Ct. 1345 (2010) (noting that the Speedy Trial Act automatically excludes from the speedy trial calculation any period of pretrial delay resulting from "proceedings concerning the defendant, "including but not limited to" eight categories of delay listed in 18 U.S.C. § 3161(h)(1)-(7)).

Specifically, the Act provides that the following periods of delay "shall be" excluded in computing the time within which a trial must commence: (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to – (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant; ... (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; ... (I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government. 18 U.S.C. §§ 3161(h)(1)(A), (F), (I). The periods of delay specified in § 3161(h)(1) through (6) are "automatic" and excludable without necessity of a motion of the parties or affirmative order of the court. *See Henderson v. United States*, 476 U.S. 321, 326, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); *see also United States v. Barnwell*, 617 F. Supp. 2d 538, 548 (E.D. Mich. 2008) *aff'd*, 364 F. App'x 240 (6th Cir. 2010) (noting that periods of excludable delay specified in §3161(h)(1) through (6) do not require "ends of justice" findings).

In addition, § 3161(h)(8)(A) provides that any period of delay resulting from a continuance granted by any judge on his own motion or at the request of either of the parties is excludable if the judge granted the continuance based upon an "ends-of-justice" finding – that is, a finding that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. *Barnwell*, 617 F. Supp. 2d at 548; *United States v. Smith*, 510 F.App'x 390, 394-95 (6th Cir. 2013) (citing 18 U.S.C. § 3161(h)(7)(A)).

When multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs. *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989) (citing *Henderson*, 476 U.S. at 330); *see also United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002);

6

*Huebner*, 2013 WL 6199599 at *1. Further, the excludable delay of one defendant is also excluded for co-defendants. *Blackmon*, 874 F.2d at 380; *United States v. Culpepper*, 898 F.2d 65, 66–67 (6th Cir. 1990).

### *1. Defendant's Prima Facie Case*

To make out a prima facie case that the Government has violated the Speedy Trial Act, a defendant simply must show that more than 70 days have passed since the indictment or first appearance, whichever is later, and that the trial has not yet begun. *See United States v. Jenkins*, 92 F.3d 430, 438-39 (6th Cir. 1996); *Huebner*, 2013 WL 6199599 at *1;. Once a defendant makes this prima facie showing, the Government bears the burden to prove by a preponderance of the evidence sufficient excludable time. *See Jenkins*, 92 F.3d at 438-39; *Huebner*, 2013 WL 6199599 at *1. If a defendant is not brought to trial within that time, as extended, the indictment must be dismissed. *See* 18 U.S.C. § 3162(a)(2). Because this case includes multiple defendants who are being tried together, and no severance has been granted, one speedy trial clock governs. *See Blackmon*, 874 F.2d at 380; *Culpepper*, 898 F.2d at 66–67. Therefore, the date of the last Defendant's indictment or arraignment, whichever is later, dictates when the Speedy Trial clock starts ticking.

All of the Defendants were indicted on June 23, 2014. All of the Defendants then made first appearances and were arraigned on July 8, 2014, making the date of arraignment the crucial date for the start of the Speedy Trial clock. Seventy days from July 8, 2014 was September 16, 2014. *See Cope*, 312 F.3d at 777 (interpreting 18 U.S.C. § 3161(h)(1)(F) to mean that "both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded" in the calculation of the number of days that have passed under the Speedy Trial Act); *see also United States v. Mentz*, 840 F.2d 315, 326 (6th Cir.1988) (explaining that

7

"the day of the indictment is excluded" from the 70–day time period). Since September 16, 2014 passed and no trial began, Defendant's showing is sufficient to make out a prima facie case under the Speedy Trial Act.

### 2. *Excludable Time*

The Government next bears the burden to show by a preponderance of the evidence that there has been sufficient time that constitutes excludable pre-trial delay to stop the clock from exceeding the 70-day limit. In this case, the Government argues that the Defendant's Speedy Trial Act rights have not been violated because the clock was stopped by a valid continuance and other pre-trial motions. Defendant, on the other hand, insists that there was no valid continuance and that the pre-trial motions did not stop the clock.

#### a. The July 30, 2014 Motion for Continuance Stopped the Speedy Trial Clock

The later of the indictment or arraignment of the Defendants in this case was the arraignment, held on July 8, 2014, started the Speedy Trial clock. *See* 18 U.S.C. § 3161. Under 18 U.S.C. § 3161(h)(1)(F), the time from the filing of a pretrial motion through the conclusion of the hearing on that motion where there is a hearing, or through prompt disposition of the motion where there is no hearing, is excludable delay for Speedy Trial Act purposes. *See United States v. Richmond*, 735 F.2d 208, 213 (6th Cir. 1984) (citing *United States v. Mitchell*, 723 F.2d 1040, 1046 (1st Cir.1983)). For motions that do not require a hearing, a court should exclude all the days during which it is waiting for filings from the parties. *Jenkins*, 92 F.3d at 438-39 ("A court should exclude all the days during which it is waiting to receive information necessary to decide a pending pre-trial motion.").

In addition, 18 U.S.C. § 3161(h)(1)(J) provides for the automatic exclusion of "delay attributable to any period, not to exceed thirty days, during which any proceeding concerning the

defendant is actually under advisement by the court." *United States v. Mers*, supra, 701 F.2d at 1336; *Jenkins*, 92 F.3d at 438-39 (finding that "[r]egardless of whether a motion requires a hearing or not, after the court receives all the information necessary to decide a motion, a maximum of thirty days can be excluded on the theory that the court has taken the matter "under advisement.") (citing 18 U.S.C. § 3161(h)(1)(J)). A motion is "actually under advisement" when "the court receives all the papers it reasonably expects." *Henderson*, 476 U.S. at 329; *see also United States v. Robertson*, 810 F.2d 254, 260 n. 12 (D.C.Cir.1987). Therefore, the "under advisement" period normally begins to run the day after the court has received any anticipated submissions from the parties on the matter. *See Henderson*, 476 U.S. at 331; *see also Mers*, 701 F.2d at 1336, 1338-39 (finding that the advisement period will normally begin "the day following the date on which the court has received everything it expects from the parties, examining physicians, etc., before reaching a decision.") (internal quotations omitted).

At the very latest[3], the Speedy Trial Act clock was tolled on July 30, 2014 when Defendants Floyd and Robinson filed a motion requesting a continuance of the trial date. The filing of this motion tolled the clock as to all the Defendants, including Defendant Martin, because they are governed by one Speedy Trial clock. *See Blackmon*, 874 F.2d at 380; *Culpepper*, 898 F.2d at 66–67. The Government did not respond to the Motion for Continuance, thus the court's "under advisement" period began the day after the Motion for Continuance was filed. The period during which Judge Graham considered the parties' request for continuance automatically is automatically excludable under 18 U.S.C. § 3161(h)(1)(J) as delay due to a motion under advisement. *Richmond*, 735 F.2d at 213. Judge Graham issued his Order continuing the case on August 13, 2014, well within the 30 day maximum "under advisement"

---

[3] Defendant Screven filed several pre-trial discovery motions on July 24, 2014 that likely also tolled the Speedy Trial Act as to all Defendants. We need not decide whether this time is excludable, however, as it does not affect the disposition of this Opinion and Order.

9

period. Thus, under the Speedy Trial Act, the clock was tolled from July 30, 2014 until August 13, 2014.

### b. The August 13, 2014 Continuance was Valid and the Continuance Period Constitutes Excludable Delay under the Speedy Trial Act

On August 13, 2014, Judge Graham granted the Motion for Continuance pursuant to an ends-of-justice finding. (*Order*, Doc. 55). The trial was continued until December 8, 2014. (*Id.* at 1). Defendants insist that the August 13, 2014 continuance was invalid because it did not find that, as to Defendant Martin specifically, the ends of justice would be served by granting a continuance. (Doc. 81 at 3). This argument is ineffective.

In his Order granting the continuance, Judge Graham determined "this is a complex case involving four defendants charged with multiple counts" and thus "the discovery provided in this case is likely to be extensive." (Doc. 55 at 1). Additionally, Judge Graham determined that "Defense counsel requires additional time to obtain and review the discovery materials in this case and to prepare for trial despite the exercise of due diligence." (*Id.*). Therefore, Judge Graham found that, pursuant to 18 U.S.C. § 3161(h)(7), "a continuance is warranted in the interests of justice" and that "the need for a continuance outweighs the best interest of the defendant and the public in a speedy trial." (*Id.*).

Under the Speedy Trial Act, "delays due to continuances granted by the court are excluded if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Cope*, 312 F.3d at 776-77 (quoting 18 U.S.C. § 3161(h)(8)(A)). The trial court is required to state on the record, either orally or in writing, its reasons for finding that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.*; *cf United States v. Crawford*, 982 F.2d 199, 204 (6th Cir.1993) (dismissing the indictment because the trial court did not state on

10

the record its "ends-of-justice" reasoning. The reasons must be stated with particularity, although the order need not be lengthy. *Smith*, 510 F. App'x at 394-95 (citing *United States v. Perez–Reveles*, 715 F.2d 1348, 1352 (9th Cir.1983)). Moreover, whether to grant a continuance, along with the related decisions of whether to exclude periods of delay under the Speedy Trial Act, are matters entrusted to the sound discretion of the district court. *Blake v. United States*, 723 F.3d 870 at 884 (7th Cir. 2013) (noting that a decision to grant a continuance or to exclude periods of delay under the Speedy Trial Act does not constitute reversible error absent a showing of abuse of discretion by the court and of actual prejudice).

When determining whether to grant an ends-of-justice continuance, complexity is one factor a court is to consider. 18 U.S.C. § 3161(h)(7)(B). Specifically, courts should contemplate whether:

> [T]he case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h) (7)(B)(ii). Other factors to be considered when considering whether to grant an ends-of-justice continuance include the potential for a miscarriage of justice and counsel's need for adequate preparation. 18 U.S.C. § 3161(h)(7)(B); *see also, e.g., Huebner*, 2013 WL 6199599 at *2.

In this case, Judge Graham's Order explicitly states, on the record, the Court's reasons for finding that the ends of justice would be served by continuing the trial date. And, the reasons given – the complexity of the case, and the need for additional time for counsel to prepare adequately for trial – are recognized in the Act as valid reasons for granting a continuance. *See* 18 U.S.C. § 3161(h)(7)(B); *Huebner*, 2013 WL 6199599 at *2. Indeed, Judge Graham's findings

were reasonable in light of the fact that this case involves four defendants, multiple counts, and a conspiracy charge creating inherent complexities and a multitude of issues. Further, at the time Judge Graham granted the motion, a question remained as to the representation of at least one Defendant. Ensuring that each of the Defendants' attorneys had time to prepare a case in defense of their respective clients is a factor that outweighs the interest of the public and defendants in a speedy trial. Such considerations justify an ends-of-justice continuance under the Act.

Defendant Martin argues that the continuance is not valid or applicable to him because Judge Graham's Order did not make an ends-of-justice finding particular to Defendant Martin. (Doc. 81 at 3). This argument is unavailing. Under the Speedy Trial Act, when multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs. *See United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989) (citing *Henderson*, 476 U.S. at 323 n. 2); *Cope*, 312 F.3d at 776; *Huebner*, 2013 WL 6199599 at *1. The excludable delay of one defendant is also excluded for co-defendants. *Blackmon*, 874 F.2d at 380; *United States v. Culpepper*, 898 F.2d 65, 66–67 (6th Cir. 1990). Because there has been no severance granted in this case, a valid continuance that stops the speedy trial clock for one defendant also stops the clock for all co-defendants. Regardless of whether Judge Graham specifically referred to Defendant Martin when he made his ends-of-justice finding, Defendant Martin is subject to the same speedy trial clock as his co-Defendants who requested the continuance.

The August 13, 2014 continuance met the requisite standard under the Speedy Trial Act and validly stopped the speedy trial clock as to all Defendants. The entire period of the continuance constitutes excludable pre-trial delay under the Act, meaning that the Speedy Trial Act clock was tolled from August 13, 2014 until December 8, 2014.[4]

---

[4] Defendant Martin also argues that an invalid continuance was granted on December 10, 2014 when this Court "set a Trial date for February 17, 2015 without articulating the reasons necessary under 18 U.S.C. Section 3161(h)(7)."

### c. Amount of Days Passed under the Speedy Trial Act

As of December 8, 2014, only a maximum of 21 days had elapsed on the Defendants' speedy trial clock (July 8 to July 30, non-inclusive). The clock started again on December 8, 2014. The clock was stopped again, however, by the filing of Defendant Martin's Motion to Dismiss on December 17, 2014. Moreover, the period from December 17, 2014 through the date of the filing of this Order is excludable delay caused by: (i) the time the Court was waiting for briefing from the parties on the Motion to Dismiss (December 17, 2014 through December 21, 2014); and (ii) the time the Motion to Dismiss has been under advisement by the Court (December 23, 2014 through January 21, 2014), which has not exceeded 30 days.

Thus, including the 21 days between July 8, 2014 (the date of all arraignment for all four Defendants) and July 30, 2014 (the date Defendants Floyd and Robinson filed the Motion for Continuance), and the 9 days from December 8, 2014 (the end-date of the August 13, 2014 continuance) until December 17, 2014 (the filing date of Defendant Martin's Motion to Dismiss), a maximum of 30 days have elapsed on Defendants' Speedy Trial clock. As of the date of this filing, which re-starts the speedy trial clock, 26 more days will elapse before the trial date (February 17, 2015). The total number of days that will have elapsed on Defendants' Speedy Trial Act clock before trial will be 56 days.[5] Therefore, Defendants' trial will commence well within the 70-day period required by the statute. The Government has not abridged Defendant Martin's right to a speedy trial under the Speedy Trial Act.

---

(Doc. 81 at 3). Defendant is mistaken. This Court did not grant a continuance on December 10, 2014, but merely vacated a scheduling order established by a different Judge in this District prior to that Judge's recusal. In vacating the former scheduling Order, the Court acted within the discretion given to District Courts in matters of case management. *See In re Bayer Healthcare & Merial Ltd. Flea Control Products Mktg. & Sales Practices Litig.*, 752 F.3d 1065, 1072 (6th Cir. 2014) (finding that a district court's case management decisions are reviewed for abuse of discretion); *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 252 (6th Cir. 2000) (same).

[5] These calculations assume that no additional pre-trial motions have been, or will be, filed that would have the effect of tolling the speedy trial clock.

### III. CONCLUSION

For the foregoing reasons, Motion of Defendant, Christopher D. Martin, to Dismiss for Violating Speedy Trial Rights Under 18 U.S.C. Section 3161 (Doc. 81) is hereby **DENIED**.

**IT IS SO ORDERED.**

                                          <u>s/ Algenon L. Marbley</u>
                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED: January 21, 2015**